UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

CJM Ventures, a Michigan limited
liability company,

                Plaintiff,

  v.                                                         Case No.

DB Troy Pub, LLC, a Michigan limited
liability company,

                Defendant.

_____/

Jerry Hamling (P37922)
JERRY R HAMLING, PLC
Attorney for Plaintiff
445 S. Livernois, Suite 101
Rochester Hills, MI 48307
586-212-7836
_____

## COMPLAINT

      Plaintiff, CJM Ventures, LLC, by and through its attorney, Jerry R. Hamling, in its complaint against Defendant, DB Troy Pub, LLC, states as follows:

### Parties

      1.     Plaintiff, CJM Ventures, LLC, is, and at all times herein mentioned was, a Michigan limited liability company doing business as CJ Mahoney's Sports Grill at 3260 S. Rochester Road, Rochester Hills, Michigan 48307.

2. Defendant, DB Troy Pub, is, and at all times herein mentioned was, a Michigan limited liability company operating a recently acquired business at 2511 Livernois, Troy, Michigan 48083.

Jurisdiction and Venue

3. This case involves, inter alia, a violation of federal trademark law and this Court has jurisdiction under The Lanham (Trademark) Act 15 U.S.C. § 1051 et seq.

4. Venue in this Court is proper as both parties reside in the judicial district for the United States District Court, Eastern District of Michigan.

General Allegations

5. In or about 2004, Christanthe Enterprises, Inc., a Michigan corporation ("Christanthe") opened a restaurant and bar called "CJ Mahoney's Sports Grille" in Rochester Hills, Michigan (hereinafter "CJ Mahoney's"), featuring a uniquely designed logo hereinafter described.

6. In or about 2008, CJ Mahoney's of Troy, LLC, a Michigan limited liability company formed in July of 2007, opened a restaurant and bar called "CJ Mahoney's Sports Grille" in Troy, Michigan (hereinafter "CJ Mahoney's Troy")., utilizing the Christanthe intellectual property.

7. Since there was a common shareholder / member in Christanthe and CJ Mahoney's of Troy, Christanthe did not object at the time to the unlicensed use of the Christanthe intellectual property.

8. In October of 2010, the common shareholder in Christanthe relinquished his interest in Christanthe.

9. Christanthe retained all rights in the intellectual property, which consisted of a name mark ("CJ Mahoney's Sports Grille"), a logo utilized on the building signage, website, menus and other materials, and the registered assumed names, CJ Mahoney's Detroit, CJ Mahoney's Sports Grill, CJ Mahoney's Sports Grille and CJ Mahoney's (the trademarks are hereinafter referred to as the "Marks", the assumed names are hereinafter referred to as the "Assumed Names" and together the Marks and the Assumed Names are referred to as the "Intellectual Property").

10. In October, 2013, Christanthe entered into a purchase agreement (the "CJM Purchase Agreement") with Plaintiff, CJM Ventures, LLC ("CJM"), for the sale of all of its assets, including the Intellectual Property.

11. The sale transaction closed upon the approval of the transfer of the Class C Liquor License of Christanthe to CJM on February 14, 2014.

12. Following the closing of the sale, CJM registered the Assumed Names with the State of Michigan.

13. Since the Marks were not formerly registered previously by Christanthe, CJM applied for and received registration of the Marks from the US Patent and Trademark Office, Registration Nos. 4,873,483 (for the logo) and 4,874,484 (for the name).

14. In or about February of 2015, Dante Becall, a principal of Defendant, DB Troy Pub, LLC, contacted the principals of CJM about acquiring CJ Mahoney's of Troy together.

15. CJM declined the opportunity and advised Mr. Becall that CJM owned the Intellectual Property and if he went forward without them that he would have to change the name of the restaurant.

16.     The owners of CJ Mahoney's of Troy were put on notice that there was no license to expand, sell or sublicense the Intellectual Property.

17.     In or about November, 2015, Dante Becall and several other investors, not disclosed to the Michigan Liquor Control Commission (MLCC), acquired the assets of CJ Mahoney's of Troy.

18.     While the sale was pending, but before it closed, the principals of DB Troy Pub were again advised that if the sale were to be consummated they would have to change the name, logos and discontinue all use of the Intellectual Property.

19.     The MLCC was not advised in the application for transfer of the liquor license that DB Troy Pub would be operating under any assumed names and no such assumed names have been approved by the MLCC.

20.     Following confirmation by the MLLC that approval had been given for the transfer of the liquor license, CJM sent a cease and desist letter to the registered agent of DB Troy Pub, a copy of which is attached hereto, marked Exhibit 1 and incorporated herein by reference.

21.     DB Troy Pub has neglected, failed and refused to cease its infringement on the Intellectual Property.

## COUNT I – LANHAM ACT

22.     Plaintiff incorporates Paragraphs 1 through 21 by reference as though fully stated herein.

23.     The Intellectual Property and, specifically, the Marks are valid protectable trademarks.

24.     The Marks are registered with the United States Patent and Trademark Office.

24. CJM owns the Marks.

25. DB Troy Pub is currently using confusing similar, and actually identical Marks, without the consent of CJM.

26. Since the Marks are identical, and the DB Troy Pub business is within 10 miles of the CJM business, the use of the Marks by DB Troy Pub is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation or approval of the goods and services offered by DB Troy Pub and CJM.

27. CJM has demanded that DB Troy Pub cease and desist the use of the marks but DB Troy Pub has neglected, failed and refused to comply and operates its business 7 days a week infringing on the Marks.

WHEREFORE, CJM prays that this Court grant it the following relief:

A. Enter a permanent injunction preventing DB Troy Pub from using the Marks in connection with its business;

B. Award CJM its damages based on the infringement, plus costs and attorney's fees wrongfully incurred; and

C. Grant CJM such other and further relief as this Court deems proper.

## COUNT II – FALSE DESIGNATION OF ORIGIN

28. Plaintiff incorporates Paragraphs 1 through 27 by reference as though fully stated herein.

29. DB Troy Pub uses a name or names identical to the Assumed Names.

30. DB Troy Pub has a business name and logo identical to the Marks.

31. DB Troy Pub is utilizing the Assumed Names and Marks belonging to CJM in connection with the goods and services that it offers in commerce.

32. The use of the Intellectual Property is creating a false and misleading representation of fact, that is, that the DB Troy Pub location is in common ownership with, affiliated with, or a franchise of the CJM Rochester bar and grill.

33. The continued use of the Intellectual Property by DB Troy Pub is likely to cause confusion, mistake or deceive as to the affiliation, connection and/or association of the DB Troy Pub location with the CJM Rochester bar and grill.

34. Consequently, the use and continued use by DB Troy Pub of the Intellectual Property owned by CJM is a violation of 15 US Code §1125.

WHEREFORE, CJM prays that this Court grant it the following relief:

A. Enter a permanent injunction preventing DB Troy Pub from using the Marks in connection with its business;

B. Award CJM its damages based on the infringement, plus costs and attorney's fees wrongfully incurred; and

C. Grant CJM such other and further relief as this Court deems proper.

JERRY R. HAMLING, PLC

Dated: February 5, 2016          /Jerry R Hamling/
                                 Jerry R. Hamling (P37922)
                                 445 S. Livernois
                                 Suite 101
                                 Rochester Hills, MI 48307